IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOMMIE EVANS,

                 Petitioner,                 ORDER

     v.                                         09-cv-0181-slc

ROBERT HUMPHREYS, Warden,
Racine Correctional Institution,

                 Respondent.

---

Tommie Evans, an inmate at the Racine Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner challenges his September 2005 judgment of conviction in the Circuit Court for Dane County for two counts of armed burglary, one count of armed robbery with the threat of force and one count of possession of a firearm by a felon. The petition presents one exhausted claim: that the evidence adduced at trial was insufficient to support the verdicts. Petitioner asserts that he would also like to bring a claim of "admissibility of improper evidence allowed in including ineffective counsel," but he admits that this claim is not exhausted. He asks this court to issue an order staying the petition and placing it in abeyance while he exhausts that issue in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that district courts are not precluded by the Antiterrorism and Effective Death Penalty Act from issuing stays in habeas cases.  The Court recognized that the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement of *Rose v. Lundy*, 455 U.S. 509 (1982), creates a risk that a petitioner who comes to federal court with a "mixed" petition might "forever los[e] [the] opportunity for any federal review of [the] unexhausted claims." *Id*. at 1533.  Although the Court recognized that the issuance of a stay is a way to reduce this risk, it held that the procedure should be employed "only in limited circumstances" so as not to undermine AEDPA's twin goals of encouraging finality of state court judgments and encouraging petitioners to seek relief from the state courts in the first instance. *Id*. at 1535.  Granting a stay is not appropriate unless the district court determines there was "good cause" for the petitioner's failure to exhaust his claims first in state court or when the unexhausted claims are "plainly meritless." *Id*.

The instant petition lacks sufficient information to allow the court to determine whether a stay would be appropriate in this case.  Petitioner has not clearly identified the nature of his exhausted claim or alleged any facts in support of it.  Further, he has offered no explanation why he did not bring this claim to the state courts earlier.  Without this information, the court cannot determine whether petitioner has good cause for his failure to exhaust his claim in state court before filing his petition or whether there is any merit to the claim.

Accordingly, the court is taking no action on the petition at this time. Instead, I am directing petitioner to supplement his petition with facts showing that he meets *Rhines*'s criteria of good cause and potential merit with respect to any constitutional claims that he wants to bring that he has not yet exhausted in the state courts. In the event the court denies petitioner's request for a stay, then he will be given the choice whether to proceed on his sole exhausted claim or have the petition dismissed in its entirety. (Because it appears that there is little if any time remaining of petitioner's one-year limitations period, I predict he would choose to proceed on his exhausted claim.)

ORDER

IT IS ORDERED that not later than April 20, 2009, petitioner Tommie Evans must supplement his petition with facts showing that his unexhausted claims have merit and that he had good cause for failing to exhaust them in state court before filing his federal petition.

Entered this 1st day of April, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge