IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOMMIE E. EVANS,

                Petitioner,                OPINION AND ORDER

      v.                                        09-cv-0181-slc

ROBERT HUMPHREYS, Warden,
Racine Correctional Institution,

                Respondent.

---

On March 30, 2009, petitioner Tommie Evans filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his September 2005 conviction in the Circuit Court for Dane County for two counts of armed burglary, one count of armed robbery with the threat of force and one count of possession of a firearm by a felon. In the petition, petitioner asserted that in addition to the one claim that he had completely exhausted in the state courts (sufficiency of the evidence), he wanted to bring an additional claim of "admissibility of improper evidence allowed in including ineffective counsel," and that he wanted this court to stay the federal habeas proceedings while he exhausted that claim in state court.

In an order entered April 1, 2009, Magistrate Judge Stephen Crocker directed petitioner to supplement his petition with facts supporting his request for a stay. Having considered plaintiff's response to that order, I am denying petitioner's request. Petitioner

has 102 days remaining on his federal habeas clock, which is enough time for him to exhaust his state court remedies without the granting of a stay.

The following facts are drawn from petitioner's submissions and state court records available electronically.

FACTS

Petitioner was convicted on September 14, 2005 in the Circuit Court for Dane County of two counts of burglary while armed with a dangerous weapon, one count of armed robbery with threat of force and one count of possession of a firearm by a felon. The charges were based on allegations that two men with their faces covered and brandishing handguns broke into the apartment of Claude Anderson, beat Anderson on the head and took money he had recently won at a casino and some other items, including a bottle of Tums. Petitioner appealed his conviction on the sole ground that the evidence was insufficient to support the verdicts. In an opinion issued November 15, 2007, the Wisconsin Court of Appeals rejected petitioner's argument and affirmed the conviction. The Wisconsin Supreme Court denied petitioner's request for review on January 22, 2008.

Shortly thereafter, petitioner retained a lawyer to review his case to determine whether there were any post-conviction issues that could be raised. Apparently, petitioner's family was unable to pay the lawyer's retainer fee, and petitioner instead sought the assistance of a fellow inmate. With that inmate's help, petitioner filed a post-conviction

motion on October 30, 2008 in the circuit court. (Because that motion was filed after petitioner's direct appeal, I infer that it was a motion pursuant to Wis. Stat. § 974.06, Wisconsin's collateral attack statute. State ex rel. Colemen v. McCaughtry, 2006 WI 49, ¶16, 290 Wis. 2d 352, 361, 714 N.W. 2d 900 (describing post-conviction remedies available in Wisconsin). I am unable to discern precisely what claims petitioner raised in that motion, although it appears that they related to the court's admission of certain evidence at trial.) The circuit court denied the motion on November 20, 2008, but petitioner did not learn of the denial until February 9, 2009. (Petitioner asserts that he has appealed the circuit court's decision to the state court of appeals, but my independent research has found no evidence that he has done so.)

Petitioner filed the instant habeas petition on March 30, 2009. The sole ground asserted as a basis for challenging his conviction was that the evidence was insufficient to support the verdict. However, petitioner asked the court to stay the petition and allow him to file a writ of habeas corpus in the state court "to address and argue the admissibility of improper evidence allowed in including ineffective counsel." Pet., dkt. #1, ¶13. Noting that petitioner had not clearly identified the nature of his unexhausted claim, alleged any facts in support of it or explained why he did not bring the claim to the state courts earlier, the magistrate judge explained that this court lacked sufficient information to rule on petitioner's request for a stay. Accordingly, he directed petitioner to supplement his petition "with facts showing that his unexhausted claims have merit and that he had good

cause for failing to exhaust them in state court before filing his petition." April 1, 2009 Order, dkt. #3.

Petitioner has responded to that order. According to petitioner, the unexhausted claim that he wishes to pursue is as follows:

> [T]rial counsel failed to investigate and argue exculpatory evidence of a tums bottle left in the back yard of the victim which apparently was left during the two individuals leaving the victims [sic] house. Fingerprints could have revealed important and incriminating facts that would have potentially yielded the individuals actually responsible for the crime that petitioner is illegally incarcerated for to date.

It appears that petitioner did not include this claim in his October 2008 post-conviction motion.

OPINION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner generally has one year from the date his state court conviction becomes final in which to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court considered whether a federal district court has discretion to stay a mixed federal habeas petition, that is, a petition containing both exhausted and unexhausted claims, to allow the petitioner to present his unexhausted claims to the state court and return to federal court for review of his perfected petition. The Court ruled that a district court has such discretion in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files

4

his application "close to the end of the 1-year period." Rhines, 544 U.S. at 275. Such stays are granted only if the district court determines there was "good cause" for the petitioner's failure to exhaust his claims first in state court and that the unexhausted claims are not "plainly meritless." Id. at 277.

The threshold question in this case is whether petitioner would be able to re-file a perfected habeas petition within the one-year limitations period if a stay is not granted. Petitioner's conviction became final on April 21, 2008, 90 days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). His one-year limitations period began to run the next day, April 22, 2008. Petitioner filed his motion for post-conviction relief on October 30, 2008, thereby tolling the federal limitations period on that date. 28 U.S.C. § 2244(d)(2) (one-year limitations period is tolled during time that properly filed application for post-conviction relief is pending). At that time, 192 days of petitioner's one-year limitations period had elapsed. The limitations period remained tolled from October 30, 2008 until February 18, 2009, which was the last day on which petitioner could have filed an appeal of the circuit court's November 20, 2008 decision. (Postconviction proceedings pursuant to Wis. Stat. § 974.06(6) are civil and consequent appeals are therefore governed by Wis. Stat. § 808.04. Section 808.04(1) requires the filing of a notice of appeal within 90 days

of entry of the final order from which the appeal is sought.)  The limitations period began running again on February 19, 2009 and has continued to run since that time.  Duncan v. Walker, 533 U.S. 167 (2001) (time during which habeas petition has been pending in federal court does not toll one-year statute of limitations).  Thus, as of the date of this order, 263 days of petitioner's one-year limitations period have elapsed, meaning that 102 days remain.

With 102 days remaining, petitioner does not risk running afoul of the statute of limitations so long as he diligently pursues his state court remedies.  Accord Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post-conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002)(same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same).  28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count against the one-year statute of limitations for filing a federal habeas action.  This means that as soon as petitioner "properly files" the postconviction motion in the state courts that he says he is prepared to file, his habeas clock will stop, and it will remain stopped during the entire time that the motion is "pending."  An application for postconviction relief is "properly filed" under § 2244(d)(2) if its delivery and acceptance are in compliance with the state's applicable laws and rules governing filings.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Although I predict that the state courts will find petitioner's second post-conviction motion to be procedurally barred under State v. Escalona-Naranjo, 185 Wis. 2d 168, 181, 517 N.W. 2d 157, 162 (1994) (defendant who fails to raise claim on direct appeal or in prior postconviction motion barred from raising that claim in later motion unless defendant can show "sufficient reason" for his failure to raise claim earlier), such a determination would not preclude a finding that petitioner's motion was not "properly filed." Artuz, 531 U.S. at 9 (rejecting idea that "properly filed application" means application raising claims that are not procedurally barred). Once an application has been "properly filed," it is "pending," and it continues to be "pending" during the period between one court's decision and a timely request for further review by a higher court. Fernandez v. Sternes, 227 F.3d 977, 980 (7th Cir. 2000). In other words, the period between the time petitioner files his postconviction motion in the proper state court and the time he receives a final decision from the Wisconsin Supreme Court (which he must do, in order to satisfy the exhaustion requirement, see O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999)) will not count against the 102 days remaining on his federal habeas clock, so long as petitioner does not miss any deadlines for filing an appeal or petition for review. See Fernandez, 227 F.3d at 979-80. Thus, the only time that will "count" against petitioner is the time leading up to his filing of a state court post-conviction motion and the time between the conclusion of state court proceedings and the filing of a new federal habeas petition.

In sum, with the proper diligence, petitioner has enough time remaining on his federal clock in which to exhaust his state court remedies without jeopardizing the timeliness of any future federal habeas petition. Therefore, a stay of these proceedings is not warranted. To the extent petitioner wishes to proceed on his unexhausted claim, his petition must be dismissed. Because the possibility remains that petitioner may wish to abandon his unexhausted claim and proceed solely on his single exhausted claim, I will defer entering judgment to that effect for a period of 14 days. If petitioner wishes to proceed solely on his exhausted, insufficiency-of-the-evidence claim and abandon his claim related to the Tums bottle, he should inform the court of that fact not later than May 15, 2009. If the court receives no response from petitioner by that date, it will enter judgment dismissing the petition in its entirety without prejudice.

ORDER

The motion of petitioner Tommie Evans for a stay of his federal habeas petition so that he may exhaust his state court remedies is DENIED. If petitioner wishes to proceed solely on his exhausted, insufficiency-of-the-evidence claim and abandon his unexhausted claim related to the Tums bottle, he should inform the court of that fact not later than May 15, 2009. If the court receives no response from petitioner by that date, it will enter judgment dismissing the petition in its entirety without prejudice.

Entered this 30th day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge